**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MERCK SHARP & DOHME LLC, | |
| Plaintiff, | |
| v. | C.A. No. 23-683-RGA |
| BIOCON PHARMA LTD., BIOCON LTD. and BIOCON PHARMA INC. | |
| Defendants. | |

## CONSENT JUDGMENT

Merck Sharp & Dohme LLC (hereinafter "Merck"), and Biocon Pharma Limited, Biocon Limited, and Biocon Pharma Inc. (hereinafter collectively "Biocon"), the parties in the above-captioned action, have agreed to terms and conditions representing a negotiated settlement of the action and have set forth those terms and conditions in a Settlement Agreement (the "Settlement Agreement"). Now the parties, by their respective undersigned attorneys, hereby stipulate and consent to entry of judgment and an injunction in the action, as follows:

IT IS this 14th day of ＿August＿, 2023:

ORDERED, ADJUDGED AND DECREED as follows:

1. This District Court has jurisdiction over the subject matter of the above actions and has personal jurisdiction over the parties.

2. As used in this Consent Judgment, (i) the term "Biocon Product" shall mean the drug product sold, offered for sale or distributed pursuant to Abbreviated New Drug Application No. 218441 (and defined in greater detail in the Settlement Agreement); (ii) the term "Licensed Patent" shall mean United States Patent Number 7,326,708; and (iii) the term "Affiliate" shall mean any entity or person that, directly or indirectly through one or more

intermediaries, controls, is controlled by, or is under common control with Biocon; for purposes of this definition, "control" means (a) ownership, directly or through one or more intermediaries, of (1) more than fifty percent (50%) of the shares of stock entitled to vote for the election of directors, in the case of a corporation, or (2) more than fifty percent (50%) of the equity interests in the case of any other type of legal entity or status as a general partner in any partnership, or (b) any other arrangement whereby an entity or person has the right to elect a majority of the Board of Directors or equivalent governing body of a corporation or other entity or the right to direct the management and policies of a corporation or other entity.

3.      Unless otherwise specifically authorized pursuant to the Settlement Agreement, Biocon, including any of its Affiliates, successors and assigns, is enjoined from infringing the Licensed Patent, on its own part or through any Affiliate, by making, having made, using, selling, offering to sell, importing or distributing of the Biocon Product.

4.      Compliance with this Consent Judgment may be enforced by Merck and its successors in interest, or assigns, as permitted by the terms of the Settlement Agreement.

5.      This District Court retains jurisdiction to enforce or supervise performance under this Consent Judgment and the Settlement Agreement.

6.      All claims, counterclaims, affirmative defenses and demands in this action are hereby dismissed with prejudice and without costs, disbursements or attorneys' fees to any party.

/s/ Richard G. Andrews
Richard G. Andrews, U.S.D.J.

We hereby consent to the form and entry of this Order:

McCARTER & ENGLISH, LLP

_____
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

Bruce R. Genderson
Jessamyn S. Berniker
Stanley E. Fisher
Alexander S. Zolan
Shaun P. Mahaffy
Anthony H. Sheh
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

*Attorneys for Plaintiff*
*Merck Sharp & Dohme Corp.*

WINSTON & STRAWN LLP

_____
Charles B. Klein
1901 L Street NW
Washington, D.C. 20036
(202) 282-5977
cklein@winston.com

*Attorney for Defendants*